Eastern District of Kentucky
**FILED**
MAY 2 2 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CRIMINAL ACTION NO. 06-71-JMH

UNITED STATES OF AMERICA,                                              PLAINTIFF

V.

JAMES CLIFTON BARNETT, et. al.,                                        DEFENDANTS.

REQUEST FOR DISCOVERY UNDER RULE 16(a),
REQUEST FOR NOTICE OF INTENT TO USE RULE 404 (b)EVIDENCE
REQUEST FOR *BRADY* EVIDENCE,
AND MOTION FOR JENCKS ACT EVIDENCE

1.   REQUEST FOR DISCOVERY UNDER RULE 16(a):

Comes the defendant, James Clifton Barnett, by counsel, and makes the following discovery request pursuant to Rule 16 (a) of the Federal Rules of Criminal Procedure and any other applicable law. Specifically, defendant requests that the government disclose to counsel for defendant each of the following items for the purposes of inspection, copying, and/or photographing:

A.   Any relevant written or recorded statements made by defendant within the possession or constructive possession of the government, the existence of which is known, or by the exercise of due diligence may become known to the government;

B.   The portion of any written record containing the substance of any relevant oral statement made by the defendant, whether before or after arrest, in response to interrogation by any person then known to defendant to be a government agent;

1

  C. Recorded testimony of defendant before a grand jury which relates to the offense charged;

  D. The substance of any other relevant oral statement made by defendant, either before or after arrest (regardless of whether that statement was recorded in a written record) if such statement was made in response to interrogation by any person then known by defendant to be a government agent, and if the government intends to use that statement at trial;

  E. A copy of defendant's prior criminal record that is within the possession or constructive possession of the government, the existence of which is known, or by the exercise of due diligence may become known to the government;

  F. Books, papers, documents, photographs, tangible objects, buildings, places, or copies or portions thereof, which are within the possession, or constructive possession of the government, and which are material to the preparation of defendant's defense, or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to defendant;

  G. Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession or constructive possession of the government, the existence of which is known, or by the exercise of due diligence may become known to the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial;

  H. A written summary of any testimony the government intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence. Such summary should describe the witnesses' opinions, the bases and reasons therefore, and the witnesses' qualifications.

2.  REQUEST FOR RULE 404 (b) EVIDENCE:

Defendant requests that the government provide reasonable notice in advance of trial to counsel for defendant of the general nature of any evidence the government intends to introduce at trial pursuant to Rule 404 (b) of the Federal Rules of Evidence.

3.  REQUEST FOR *BRADY* EVIDENCE:

Defendant requests the production of evidence pursuant to the decision in *Brady v. Maryland, 373* U.S. 83 (1963). Under *Brady,* the government should disclose any evidence in its possession that is both favorable to the defendant and material to the issues of guilt or punishment, and which is not otherwise covered by defendant's request under Rule 16 (a) and motion pursuant to the Jencks Act. Specifically, this request includes, but is not limited to disclosure of the existence of witnesses favorable to defendant, witness statements favorable to defendant, evidence tending to affect the credibility of evidence to be used by the government, promises of non-prosecution made to a government witness, any other arrangement between the government and a witness that is beneficial in any way to the witness, and any other evidence exculpatory of defendant. This evidence should be disclosed to defendant in time for effective use of such evidence at trial.

4.  MOTION FOR JENCKS ACT EVIDENCE:

Pursuant to the directive in 18 U.S.C. § 3500 (b), known and referred to herein as the "Jencks Act", defendant hereby moves and requests that, following the direct examination of any witness called by the government at trial, the government be required to produce to counsel for defendant any statement of the witness, in the possession of the government, which relates to

the subject matter of the testimony. The term "statement" used above means:

    A.    A written statement made by the witness and signed or otherwise adopted or approved by that witness;

    B.    A stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by the witness and recorded contemporaneously with the making of such oral statement;

    C.    A statement however taken or recorded, or a transcription thereof made by the witness to a grand jury.

If, prior to or during the trial of this matter, the government discovers additional evidence or material that is requested in this pleading or has been ordered disclosed by the Court, counsel for defendant should be promptly notified of the existence of such additional evidence or material. Fed. R. Crim. P.16 (c).

Respectfully submitted,

_____
PATRICK F. NASH
129 West Short Street
Lexington, Kentucky 40507
(859) 254-3232
ATTORNEY FOR DEFENDANT

4

CERTIFICATE OF SERVICE

    I, the undersigned attorney, do hereby certify that a true and correct copy of the forgoing pleading was served by mail on this __22__ day of __May__, 2006 to:

Hon. Robert Duncan
Assistant United States Attorney
110 West Vine Street, Suite 400
Lexington, Kentucky 40507

                                                           PATRICK F. NASH