UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal Case No. |
| v. | ) | 06-cr-71-JMH-1 |
| | ) | (Civil Action No. 5:16-cv-163) |
| JAMES CLIFTON BARNETT, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION and ORDER** |
| | ) | |

\*\*\*

James Barnett had filed a 28 U.S.C. § 2255 motion to vacate [DE 145] in which he argues that his prior convictions for first degree wanton endangerment no longer qualify as predicate offenses for ACCA enhancement pursuant to the residual clause of the ACCA at 18 U.S.C. § 924(e)(2)(B)(ii) in light of the Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). [*Id.* at 1215, 1223-24.] The government concedes that Barnett is entitled to relief because his two prior first degree wanton endangerment convictions and, additionally, because his prior third degree burglary conviction no longer qualify as predicate offenses for purposes of the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) [DE 150].

**I.**

On January 27, 2007, Barnett was convicted after a jury trial of carjacking, in violation of 18 U.S.C § 2119(1) (Count

1), attempted murder of a federal law enforcement officer, in violation of 18 U.S.C. § 1114 (Count 5), assault of a federal law enforcement officer by means and use of a dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b) (Count 6), discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 7), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count 8). [R. 10: Indictment at 36, 38-39; R. 95: Minute Entry at 340; R. 100: Jury Verdict at 347; R. 124: Presentence Report at ¶¶ 1-11.]

Because of convictions for third degree burglary in Woodford County, Kentucky, first degree wanton endangerment conviction in Fayette County, Kentucky, and first degree wanton endangerment in Montgomery County, Kentucky, Barnett was determined to be an Armed Career Criminal, pursuant to 18 U.S.C. § 924(e). [R. 124: Presentence Report at ¶¶ 57, 66, 68, 73.] Pursuant to the Armed Career Criminal Act (ACCA) at 18 U.S.C. § 924(e)(1), the statutory maximum penalty for the felon in possession conviction (Count 8) increased from not less than 10 years imprisonment to not less than 15 years imprisonment, nor more than life imprisonment. See 18 U.S.C. § 924(a)(2); 18 U.S.C. § 924(e)(1).

On April 23, 2007, Barnett was sentenced to "180 months imprisonment on Count 1, 240 months as to Counts 5 & 6, and 360

2

months as to Count 8, with said terms imposed concurrently, as well as 120 months as to Count 7, with the term imposed on Count 7 to run consecutively to the other counts of conviction – for a total term of 480 months." [R. 120: Judgment at 409.] Barnett appealed his conviction, which was affirmed. [R. 121: Notice of Appeal; R: 140: Judgment.] Barnett then filed a petition for writ of certiorari with the United States Supreme Court, which was denied. [R. 142: Letter; R. 143: Letter.] On May 26, 2016, Barnett filed his instant motion pursuant to 28 U.S.C. § 2255. [R. 154: Motion to Vacate.]

## II.

To be properly classified as an Armed Career Criminal, a defendant must violate 18 U.S.C. § 922(g) and have three previous convictions for either a violent felony or a serious drug offense. 18 U.S.C. § 924(e). A violent felony is defined as "any crime punishable by imprisonment for a term exceeding one year…that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. at 924(e)(2)(B). In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's "otherwise" language, also known as the "residual clause," is vague in every application and therefore,

3

imposing an increased sentence under the residual clause "violates the Constitution's guarantee of due process." Johnson, 135 S. Ct. at 2563. At the time of Barnett's sentencing hearing, a conviction under the Kentucky statute for wanton endangerment qualified as a "violent felony" under the now defunct residual clause. *United States v. Meeks*, 664 F.3d 1067, 1069-70 (6th Cir. 2012) (holding wanton endangerment is a violent felony under the residual clause). See Ky. Rev. Stat. clause "violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563.

At the time of Barnett's sentencing hearing, the Kentucky statute for wanton endangerment qualified as a "violent felony" under the now defunct residual clause. *United States v. Meeks*, 664 F.3d 1067, 1069-70 (6th Cir. 2012) (holding wanton endangerment is a violent felony under the residual clause). See Ky. Rev. Stat. § 508.060. Because of *Johnson*, Barnett argues and the United States concedes that Barnett's prior convictions for first degree wanton endangerment no longer qualify as predicate offenses for ACCA enhancement pursuant to the residual clause of the ACCA at 18 U.S.C. § 924(e)(2)(B)(ii) in light of the Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). [*Id*. at 1215, 1223-24.]

Additionally, and although not raised by Barnett, the United States further concedes that Barnett's third degree

4

burglary conviction no longer qualifies as a ACCA predicate offense. "A crime counts as 'burglary' under the Act if its elements are the same as, or narrower than, those of the generic offense." *Mathis v. United States*, No. 15-6092, 2016 WL 3434400, at *3 (U.S. June 23, 2016). "But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries." *Id*.

Under Kentucky law, "[a] person is guilty of burglary in the third degree when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a building." Ky. Rev. Stat. § 511.040. But Kentucky law gives the term "building" a broad meaning. "Besides the ordinary meaning of 'building,' the term 'means any structure, vehicle, watercraft or aircraft . . . .'" *United States v. Brumback*, 614 F. App'x 288, 291 (6th Cir. 2015) (quoting Ky. Rev. Stat. § 511.010). Thus, the statute "itemize[s] the various places that crime could occur as disjunctive factual scenarios rather than separate elements." *Mathis*, 2016 WL 3434400, at *5. The Supreme Court, in analyzing a similar Iowa burglary statute, found that "the statute defines one crime, with one set of elements, broader than generic burglary—while specifying multiple means of fulfilling its locational element, some but not all of which (i.e., buildings

5

and other structures, but not vehicles) satisfy the generic definition." *Id.* This distinction would allow "a particular crime [to] sometimes count towards enhancement and sometimes not, depending on the facts of the case." *Id*. (quoting *Taylor v. United States*, 495 U.S. 575, 601 (1990)). Therefore, courts "may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition." *Id*. at *12 (holding that modified categorical approach does not apply to statutes that lists multiple, alternative means of satisfying one of its elements).

Like Iowa's burglary law that the Supreme Court examined in *Mathis*, Kentucky's statute contains "listed locations"—"not alternative elements, going toward the creation of separate crimes." 2016 WL 3434400, at *5. *See Carranza v. Commonwealth*, No. 2010-CA-001388-MR, 2012 WL 424997, at *4 (Ky. Ct. App. Feb. 10, 2012) (approving third-degree instructions requiring jury to find that defendant "entered or remained in a building . . . with the intention of committing a crime therein" and defining "building"). Moreover, as the Sixth Circuit Court of Appeals has explained, "Kentucky's third-degree burglary statute does not categorically qualify as generic burglary." *Brumback*, 614 F. App'x at 292. And courts cannot apply "the modified categorical approach to determine the means by which [Barnett] committed his prior crimes." *Mathis*, 2016 WL 3434400, at *8.

6

As Barnett's first degree wanton endangerment and third degree burglary convictions no longer qualify under the residual clause of the ACCA, Barnett is entitled to be resentenced without the ACCA enhancement applied to the felon in possession conviction in Count 8.

Accordingly, **IT IS ORDERED herein** as follows:

(1) That Barnett's motion to vacate be, and the same hereby is, **GRANTED** as to Count 8;

(2) That Barnett's motion for appointment of counsel is **GRANTED**;

(3) That Patrick F. Nash be, and he hereby is, **APPOINTED** to represent Barnett at his resentencing pursuant to the Criminal Justice Act;

(4) That the United States Probation Office prepare and circulate a revised presentence report as to Count 8;

(5) That the above-styled action be, and the same hereby is, **ASSIGNED** for resentencing of the defendant on Count 8 on **September 6, 2016** at the hour of **11:00 a.m.** The government will take such steps as necessary to secure the defendant's presence at the resentencing.

This the 25th day of July, 2016.



Signed By:

*__Joseph M. Hood__*

Senior U.S. District Judge